## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | |
|---|---|
| VANEOSHA NELSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:14-cv-4247-DCN |
| v. ) | |
| ) | **ORDER** |
| TOWN OF MT. PLEASANT POLICE ) | |
| DEPARTMENT, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the court on defendant Town of Mt. Pleasant Police Department's ("defendant") objection to Magistrate Judge Mary Gordon Baker's Report and Recommendation ("R&R") recommending the court grant defendant's motion for summary judgment as to plaintiff's Title VII claim and remand plaintiff's remaining claims to state court. For the reasons set forth below, the court adopts the R&R, grants summary judgment on plaintiff's Title VII claim, and remands the remaining claims to state court.

## I. BACKGROUND[1]

Plaintiff Vaneosha Nelson ("plaintiff") is an African American woman who was briefly employed by defendant as a police recruit. Pl.'s Resp. Ex. 1, Nelson Aff. ¶¶ 4, 5; Def.'s Mot. Ex. 1, Gragg Aff. ¶ 4. During the time of her employment, plaintiff wore her hair in its natural state, without chemical processing. Nelson Aff. ¶ 6. Plaintiff maintained her hair in a "neat, clean, well-groomed" manner and "in such a way as to keep [her] hair from touching [her] collar." Id. ¶ 7.

---

[1] The following facts are presented in the light most favorable to the plaintiff.

Defendant has in place a Uniform and Appearance Policy (the "Policy") which provides that

> [h]air must be clean, neat, combed and conservatively groomed. Hair shall not be worn longer than the top of the shirt collar at the back of the neck when standing with the head in a normal position. The bulk or length of the hair shall not interfere with the normal wearing of all standard head gear. Exotic coloring, cuts, or styling is prohibited.

Def.'s Mot. Ex. 2, General Order No. 90-0606 re: Uniforms/Appearance. Plaintiff's supervisor, Corporal Jason Brandon ("Brandon"), initially told plaintiff that she needed to change her hair style so that her hair did not sit high up on the top of her head. Def.'s Mot. Ex. 3, Nelson Depo. 9:1–3. Later, Seargant Matt Salata ("Salata") presented plaintiff with the Policy and notified her that her hair needed to fit within defendant's standard head gear. Id. at 11:1–11. In yet another meeting on the subject with either Chief of Police Carl Ritchie ("Ritchie") or Deputy Chief Stan Gragg ("Gragg"), plaintiff tried on the standard headgear which was difficult to fit on with her hairstyle. Id. at 12:8–24. Defendant then tried on larger headgear but defendant told her that she was still not in compliance with the Policy.[2] Id. at 17:1–5. Finally, on June 3, 2013, Nelson was terminated by defendant for a failure to change her hairstyle, though she maintains she was in compliance with the Policy. Nelson Aff. ¶ 14.

Plaintiff filed the instant action in state court on October 9, 2014, bringing claims for violation of the South Carolina Human Affairs Act ("SCHAA"), S.C. Code Ann. § 1-13-80(A)(1), wrongful termination in violation of public policy, and violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. Compl. 12–17. The action was removed to this court on October 31, 2014. Notice of Removal ¶ 4. Defendant filed

---

[2] Plaintiff maintains that she was told she was not in compliance with the Policy, despite the fact that her hair fit under these larger hats. Nelson Depo. 16:7–8.

a motion for summary judgment on September 23, 2015, arguing that hairstyle restrictions do not violate Title VII. Def.'s Mot. 4–8. Plaintiff responded on November 3, 2015, and defendant replied on November 17, 2015. The magistrate judge issued the R&R on June 28, 2016, recommending the court grant defendant's motion for summary judgment and remand the remaining state law claims to state court. Plaintiff did not file any objection to the R&R within the deadline. Defendant, however, filed an objection to the R&R on June 30, 2016, arguing that the court should address and dismiss plaintiff's state law claims. Def.'s Objection 1–4. Plaintiff filed a reply on July 19, 2016. This matter is now ripe for the court's review.

## II.  STANDARD

### A. De Novo Review

This court is charged with conducting a de novo review of any portion of the magistrate judge's R&R to which specific, written objections are made. 28 U.S.C. 636(b)(1). The court may adopt the portions of the R&R to which the petitioner did not object, as a party's failure to object is accepted as agreement with the conclusions of the magistrate judge. Thomas v. Arn, 474 U.S. 140, 14–50 (1985). The recommendation of the magistrate judge carries no presumptive weight, and it is this court's responsibility to make a final determination. Mathews v. Weber, 423 U.S. 261, 270–71 (1976).

### B. Summary Judgment

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Where a party "fails to make a showing sufficient to establish the existence of an element essential to his case," Rule 56(a) mandates entry of summary

judgment against that party. Celotex v. Catrett, 477 U.S. 317, 322 (1986).  In deciding whether there is a genuine issue of material fact, the evidence is viewed in the light most favorable to the non-moving party with all justifiable inferences drawn in its favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

### III.   DISCUSSION

#### A.     Defendant's Objection

Defendant asks the court to grant summary judgment as to plaintiff's state law claims, arguing that plaintiff's SCHAA claim fails because the SCHAA parallels federal discrimination law.  Def.'s Mot. 2.  Defendant argues that plaintiff's wrongful termination claim also fails because South Carolina courts do not permit such claims where the underlying public policy interest can be met by an existing law, such as Title VII.  Id. at 2–4.  Finally, defendant claims that these arguments were properly presented to the magistrate judge because defendant's motion was filed with respect to "all claims," and plaintiff's state law claims rely on the same facts as her Title VII claim.  Id. at 1.

Defendant's merits arguments may be legitimate,[3] but it is quite clear that defendant's procedural argument is not.  A review of defendant's motion and reply reveal that defendant never discussed plaintiff's state law claims.  The opening paragraph of defendant's motion states that "[t]he law[] is very clear that conservative grooming standards are not a violation of Title VII even if they have the effect of excluding styles that are culturally or socially related to a particular race."  Id.  After setting forth the relevant facts, defendant launches into an argument under the heading "Hairstyle Restrictions Do Not Violate Title VII."  Id. at 4.  Predictably, this argument does not

---

[3] To be clear, the court takes no position on the merits of plaintiff's state law claims.

address the SCHAA, South Carolina law on wrongful termination, or any other state law. Id. at 4–8.  The bulk of this section is made up of a series of block quotations supporting the proposition that "hair regulations concerning 'hair length' and 'hair style' are not 'immutable characteristics' and therefore 'do[ ] not affect a fundamental right' nor do[ ] they constitute discrimination under Title VII." Id. at 6 (alterations in original) (quoting Earwood v. Cont'l Se. Lines, Inc., 539 F.2d 1349, 1351 (4th Cir. 1976)).  Defendant's conclusion even states that "[p]laintff has . . . no legal basis for her claim," before eventually requesting summary judgment "as to all claims." Id. at 8 (emphasis added).  Defendant's reply brief similarly neglected to address the state law claims.  Def.'s Reply 1–3.

       The fact that plaintiff's state law claims and Title VII claims arise from the same set of facts has no bearing on whether defendant's state law arguments were properly presented to the magistrate judge.  Even if it is true that a SCHAA claim must be decided in the same way as Title VII claim, that is a legal, not factual, proposition.  It is well settled that the party moving for summary judgment bears the burden of "demonstrating to the court that there is an absence of evidence to support the non-moving party's case." Celotex, 477 U.S. at 325 (emphasis added).  Here, defendant "demonstrated" absolutely nothing about the law governing plaintiff's state law claims.  The magistrate judge had no way of knowing—nor any duty to ascertain—what effect, if any, its Title VII ruling might have on plaintiff's state law claims.  Therefore, defendant's arguments on that matter must be treated as newly raised.

       "A magistrate's decision should not be disturbed on the basis of arguments not presented to him." Keitt v. Ormond, 2008 WL 4964770, at *1 (S.D.W. Va. Nov. 13,

5

2008) (quoting Jesselson v. Outlet Associates of Williamsburg, Ltd. P'ship, 784 F. Supp. 1223, 1228 (E.D. Va. 1991)). "[T]he purpose of the Magistrates Act is to allow magistrates to assume some of the burden imposed on the district courts and to relieve courts of unnecessary work." Id. at *2 (quoting Jesselson, 784 F. Supp. at 1228–29). "Allowing parties . . . to raise new issues or arguments at any point in the life of a case would" frustrate this purpose and "result in a needless complication of litigation." Id. Instead, "[p]arties should fully plead their claims, and fully advance their arguments, at all stages of litigation, unless they are prepared to waive them." Id.

Thus, "[t]he [c]ourt is not obligated to consider new arguments raised by a party for the first time in objections to the [m]agistrate's [r]eport." Dune v. G4s Regulated Sec. Sols., Inc., No. 0:13-cv-01676, 2015 WL 799523, at *2 (D.S.C. Feb. 25, 2015). While the court has the power to address such arguments, that power lies within the court's sound discretion. Id.

In this case, the court sees no reason to exercise such discretion. Defendants suggest that remand would be a waste of judicial resources. Def.'s Objection 4 n.1. But allowing parties to rely on arguments not presented to the magistrate judge also wastes judicial resources. See Keitt, 2008 WL 4964770, at *1 (recognizing that allowing such arguments would frustrate the "purpose of the Magistrates Act [] to allow magistrates to assume some of the burden imposed on the district courts and to relieve courts of unnecessary work" (quoting Jesselson, 784 F. Supp. at 1228–29)). The court has no interest in bearing the burden created by defendant's own failure to present its state law arguments to the magistrate judge. To do so would only encourage such behavior. While some waste of judicial resources may be inevitable in this case, the court can at least

discourage others from creating this problem in the future. Therefore, the court declines to address defendants newly presented arguments on plaintiff's state law claims.[4]

### B. Plaintiff's Reply

The court also wishes to address certain language in plaintiff's reply to defendant's objection. In her reply, plaintiff states that

> [i]t continues to be the [p]laintiff's position that her allegations of discrimination under federal statutory law should not have been subject to summary judgment due to the existence of genuine issues of material fact as to whether she was singled out and terminated for refusing to chemically alter her natural hair texture despite the fact that she complied with the strictures of the [d]epartment'[s] grooming standards.

Pl.'s Reply to Objection 1. Plaintiff then states that because of this purported factual dispute, "[d]efendant's motion for summary judgment should have been denied in total." Id. at 2. To the extent this language is meant to challenge the conclusions in the R&R, it is both too little and too late.

As an initial matter, the Notice of Right to File Objection to Report and Recommendation ("Objection Notice"), which was filed alongside the R&R, specifically provides that "specific written objections must be filed within fourteen [] days of the date of service of [the R&R]." ECF No. 24 at 10. The R&R was filed on June 28, 2016, giving both parties until July 15, 2016, to file objections. Plaintiff never filed any objections and filed her reply on July 19, 2016. Thus, if plaintiff's reply was meant to be construed as an objection to the R&R, it was untimely. Moreover, the Objection Notice also makes it clear that any "[o]bjections must specifically identify the portions of the

---

[4] Defendant alternatively requests that it be allowed to amend its briefing on its motion for summary judgment so that the court or the magistrate judge can address its new arguments. Def.'s Objection 4. This proposal is even less appealing than addressing the new arguments now. It not only wastes just as many, if not more, judicial resources, it also imagines a scenario in which the court retains jurisdiction over the case for the purposes of deciding exclusively state law claims.

[R&R] to which objections are made and the basis for such objections." Assuming plaintiff's reply can be read to identify a specific portion of the R&R, it does not identify the basis for any objections. Plaintiff simply claims a dispute of material fact exists, without outlining why such facts are in dispute or why this dispute is material. Pl.'s Reply to Objection 2. Therefore, the court finds that plaintiff's reply cannot be construed as an objection to the magistrate's R&R.

Because neither party properly objected to the R&R, the court has reviewed the record for clear error. The court finds no such error.

## IV.   CONLCUSION

For the foregoing reasons, the court **ADOPTS** the R&R, **GRANTS** defendant's motion for summary judgment as to plaintiff's Title VII claim, and **DENIES** defendant's motion for summary judgment as to plaintiff's remaining state law claims. The court **REMANDS** such claims to state court.

**AND IT IS SO ORDERED.**

**DAVID C. NORTON
UNITED STATES DISTRICT JUDGE**

**September 21, 2016
Charleston, South Carolina**